Filed 10/2/13  Halimi v. Grant CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| GEORGE M. HALIMI,<br><br>        Plaintiff, Cross-defendant and Appellant,<br><br>        v.<br><br>DENNIS GRANT,<br><br>        Defendant, Cross-complainant and Appellant. | B240730<br><br>(Los Angeles County<br>Super. Ct. No. BC453298) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Susan Bryant-Deason and Victor E. Chavez, Judges.  Affirmed.

George M. Halimi, in pro. per., for Plaintiff, Cross-defendant and Appellant.

Kerendian & Associates, Shab D. Kerendian, Shawn S. Kerendian, Erika P. Licon, Verlan Y. Kwan and Julie R. Woods for Defendant, Cross-complainant and Appellant.

\* \* \* \* \* \* \* \* \*

Plaintiff, cross-defendant and appellant George Halimi is a lawyer who represented defendant, cross-complainant and appellant Dennis Grant in regard to his rights as a beneficiary of the trust of his late mother. After the trust action was settled, Halimi sued Grant for unpaid legal fees. Grant filed a cross-complaint against Halimi pleading professional malpractice and other causes of action. The trial court sustained the demurrer to Halimi's first amended complaint without leave to amend as to the first through fourth causes of action but permitted the filing of a second amended complaint for quantum meruit. At the beginning of trial, Halimi voluntarily dismissed this complaint, and a three-day court trial ensued on the cross-complaint. The trial court awarded Grant $200,000 on the cross-complaint. Halimi and Grant each appeal from the judgment. We affirm.

## BACKGROUND

### 1.     The Trust Action

Pursuant to the 2005 amendment to her trust, Grant's mother designated Grant as the sole beneficiary. In 2006, Linda Goldman-Ofer (Ofer), Grant's sister, induced their elderly and mentally incompetent mother to amend the trust to designate both Grant and Ofer as beneficiaries, in equal shares as to the personal trust assets. Grant retained Halimi to represent him in a challenge to the 2006 amendment. Halimi filed a petition to invalidate that amendment more than 120 days after Ofer had given a trustee's notification. The probate court sustained Ofer's demurrer to the petition on the ground it was not timely and granted leave to amend. The amended petition merely alleged the challenge to the 2006 trust amendment had been filed within the requisite 120 days, which was incorrect. Ofer moved for summary judgment on the ground the petition was untimely.

The motion was scheduled to be heard about a month after mediation. During mediation, Grant and Ofer entered into a settlement agreement whereby Ofer would receive a total of $531,365.88 of the trust's personal assets and Grant would receive only $653,483.69, or 60 percent of the personal assets in the trust at the time of settlement,

2

instead of 100 percent of all trust personal assets if the 2006 trust amendment had been declared void.  The probate court approved the settlement.

## 2. This Action

In the current case, Halimi filed a first amended complaint for breach of contract, conversion, constructive trust and common count.  The trial court (J. Susan Bryant-Deason) sustained Grant's demurrer to this pleading without leave to amend but allowed Halimi to file a second amended complaint with a single cause of action for quantum meruit.  Halimi filed a second amended complaint for quantum meruit but dismissed this complaint on the first day of trial.

The case went to trial only on Grant's operative cross-complaint.  Following trial, the court (J. Victor Chavez) entered judgment for Grant on his professional negligence claim.  The trial court found Halimi could have alleged facts to establish tolling of the statute of limitations to challenge the trust.  Ofer had not only used undue influence to persuade their mother to change the trust terms when she was not competent to understand what she was doing, but she had also fraudulently misrepresented to Grant the terms of the amended trust.  Yet, at no time had Halimi sought leave to amend the petition to allege Ofer's fraudulent misrepresentations that had misled Grant concerning the terms of the trust.  Worse, Halimi advised Grant he would likely lose the summary judgment motion and should settle the trust dispute as favorably as possible before the court ruled on the motion.  The court found if Halimi had alleged financial elder abuse and tolling of the statute of limitations due to Ofer's fraud, the trust action would have settled more favorably to Grant.  The court awarded Grant $200,000 as damages.

On appeal, Halimi contends the trial court erred in sustaining the demurrer and dismissing the four causes of action pleaded in the first amended complaint.  He also asserts eight errors arising from the trial on Grant's cross-complaint.

In his appeal, Grant challenges the award of $200,000 on his cross-complaint and contends the award instead should have been $531,365.88, which is the amount Ofer received in the trust settlement.

For the reasons explained below, we affirm the judgment.

3

## DISCUSSION

### 1. Grant's Appeal

In the interest of brevity, we discuss first Grant's appeal of the judgment in his favor on his cross-complaint. His opening brief devotes only three pages to the argument that the court erred by awarding damages of $200,000 and not $531,365.88 on the professional negligence cause of action. Grant frames his argument as a pure question of law and presents no substantial evidence challenge. Grant asserts the purely legal question presented in his appeal is whether the trial court awarded damages in conformance with Civil Code section 3333, which provides the measure of tort damages is "the amount which will compensate for all the detriment proximately caused thereby, whether it could have been anticipated or not."

Grant is mistaken that his challenge to the damages awarded presents a question of law. His contention that the court was required to award $531,365.88 in damages hinges on the factual issues whether substantial evidence supports the trial court's $200,000 award, and whether the court arbitrarily and capriciously ignored substantial evidence supporting a $531,365.88 award. Yet, Grant makes no effort to summarize the damages evidence at trial. Rather, for the most part, he simply cites to portions of the reporter's transcript regarding his counsel's closing arguments to the trial court. The only citations to evidence are references to three exhibits: a document amending the trust in 2006, a letter from defense counsel to Halimi, and the settlement agreement in the probate court action.

An appellant forfeits his or her claims of error by failing to state all of the evidence fairly in his or her brief. (*Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 881; *County of Solano v. Vallejo Redevelopment Agency* (1999) 75 Cal.App.4th 1262, 1274.) We therefore find Grant has forfeited the right to appellate review of his inadequate damages claim by failing to provide in his brief relevant record references to the evidence pertaining to his claim.

## 2. Halimi's Appeal[1]

### a. Sustaining of demurrer and dismissal of four causes of action

Halimi contends the trial court erred in sustaining Grant's demurrer to the first amended complaint without leave to amend because, contrary to Grant's demurrer, their contingency fee agreement fully complied with section 6147, subdivision (a)(3) of the Business and Professions Code. We disagree.

" 'When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action. [Citation.] And when it is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citations.] The burden of proving such reasonable possibility is squarely on the plaintiff.' [Citations.]" (*Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1126.)

The first amended complaint alleged Halimi and Grant entered into a written retainer agreement, a copy of which was attached, whereby Halimi agreed to provide Grant legal services in the trust action, including the filing of a petition to vacate and declare void the 2006 trust amendment based on Ofer's alleged fraud. In return, Grant agreed to pay Halimi 33 percent of the sum Grant recovered. Halimi alleged he assisted Grant in reaching a settlement in the trust action but that, except for payment to Halimi of $59,138.37, Grant refused to pay the additional contingent fee due.

A retainer agreement with a contingency fee provision generally must comply with the mandates of section 6147 of the Business and Professions Code. In relevant part, the contingency fee contract must be in writing, signed by both the attorney and client, and "shall include, but is not limited to, all of the following: [¶] . . . [¶] (2) A statement as to how disbursements and costs incurred in connection with the prosecution or settlement of the claim will affect the contingency fee and the client's

---

[1] We deny Halimi's requests for judicial notice made in footnotes in his opening brief rather than through a proper separate noticed motion for judicial notice with a proposed order. (Cal. Rules of Court, rule 8.252(a)(1).)

recovery. [¶] (3) A statement as to what extent, if any, the client could be required to pay any compensation to the attorney for related matters that arise out of their relationship not covered by their contingency fee contract. This may include any amounts collected for the [client] by the attorney. [¶] . . . [¶] (b) Failure to comply with any provision of this section renders the agreement voidable at the option of the [client], and the attorney shall thereupon be entitled to collect a reasonable fee." (§ 6147, subds. (a)(2), (3) & (b).)

The contingency fee contract between Halimi and Grant provides: "Attorney[] fee[s] shall be contingent upon vacating and declaring void the [2006 Trust Amendment], and all contested matters, including recovery of settlement, arbitration award, court judgment, and/or punitive damages (hereinafter referred to as 'Recovery'). . . . Bearing in mind that the contingency fee is negotiable, [Grant] agrees that the following fee arrangement is fair and reasonable, and to pay [Halimi] the following amount: Thirty three percent (33%) of the total interest of [Grant] from the benefit received by [Grant] from litigating the Declaration of Trust and any amendment thereof."

Thus, Halimi's right to collect a fee was "contingent upon vacating and declaring void the [2006 trust amendment], and all contested matters," which never happened. Additionally, the contingency fee contract did not comply with Business and Professions Code section 6147, because the contract did not contain "[a] statement as to how disbursements and costs incurred in connection with the prosecution or settlement of the claim will affect the contingency fee and the client's recovery" and "[a] statement as to what extent, if any, the client could be required to pay any compensation to the attorney for related matters that arise out of their relationship not covered by their contingency fee contract," specifically the settlement of Grant's claim against Ofer without the vacating and voiding of the 2006 agreement.

In view of the above deficiencies, this contingency fee contract was voidable at the option of Grant. Grant stated in his demurrer that he "has voided the contingency fee agreement between [Halimi] and himself." Halimi conceded that fact in his second amended complaint: "Subsequent to signing of the Settlement Agreement by [Grant,

Grant] has declared void the [contingency fee]" contract.  The trial court properly sustained the demurrer to the first amended complaint without leave to amend because all of the causes of action were based on the void contingency fee contract.

### b.  Judgment in favor of Grant on his cross-complaint against Halimi

Halimi asserts eight errors were made at trial.  Akin to Grant's appeal, Halimi contends in his opening brief that his appeal presents pure questions of law and that "there are no disputed facts."  However, many of Halimi's claims of error concern the court's findings of fact as set forth in the statement of decision.  For example, in his "error # 2" claim, he asserts the court erred in finding Halimi damaged Grant in the trust action by failing to assert the tolling of the statute of limitations, with the consequence Grant felt pressured to settle, because Ofer's pending summary judgment motion based on the statute of limitations gave Ofer settlement leverage against Grant.  In his "error # 3" claim, Halimi asserts the court erred in finding he was negligent by failing to plead elder abuse, because the probate court entered an order that "deferred" such pleading and proof of elder abuse.  In his "error #4" claim, Halimi asserts the court also erred in finding he was negligent by failing to plead elder abuse in the trust action, because the substance and effect of the petition he filed on behalf of Grant essentially constituted an elder abuse claim.  In his "error #5," "error #6," and "error # 7" claims, Halimi challenges the court's findings of fact concerning the damages Grant sustained as a result of Halimi's negligence.  Manifestly, each of these claimed errors concerns the adequacy of the evidence and may not be resolved as pure questions of law.

Moreover, Halimi presents his view of the evidence with few citations to the record and no attempt to provide a full and fair summary of the evidence.  In assessing whether substantial evidence supports a judgment, the appellate court views all factual matters in the light most favorable to the prevailing party, resolving all conflicts and indulging all reasonable inferences from the evidence to support the judgment. (*Western States Petroleum Assn. v. Superior Court* (1995) 9 Cal.4th 559, 571.)  An appellant may not include only favorable evidence in his or her brief rather than all "significant facts."  (*In re S.C.* (2006) 138 Cal.App.4th 396, 402.)  An appellant forfeits

any claim of error by failing to state all of the evidence fairly in his brief.  (*Foreman & Clark Corp. v. Fallon, supra,* 3 Cal.3d at p. 881; *County of Solano v. Vallejo Redevelopment Agency*, *supra*, 75 Cal.App.4th at p. 1274.)  We find therefore Halimi has forfeited the right to appellate review of the adequacy of the evidence to support the factual findings of the trial court by his failure adequately to set forth in his appellate brief the evidence pertaining to the claims of error.

Halimi also asserts two claims of error in which he contends, in effect, the court abused its discretion, i.e., by allowing Grant to call an expert witness who was not disclosed until trial and by "adopting a defective statement of decision."

Halimi contends the trial court erred in allowing Grant to call Frederick Seymour, over objection, to testify as an expert witness at trial.  Grant had not named Mr. Seymour as a witness during their meet and confer conference or in the joint witness list.  After the filing of the joint witness list and shortly before trial, Grant retained Mr. Seymour.  Grant advised Halimi of the retention soon afterward but Halimi did not ask to take Mr. Seymour's deposition.  No party had served a demand for the exchange of expert witness information pursuant to the provisions of the Code of Civil Procedure.

Halimi told the trial court he had "an issue with the expert" because he had not been disclosed as a witness on the joint witness list.  He did not, however, move to exclude the testimony of Mr. Seymour.  Nonetheless, the trial court discussed with counsel at some length the potential prejudice to Halimi of permitting Grant to call the expert to testify.  The court reasoned that although Halimi had not requested an exchange of expert designations, he was entitled to know who Grant's experts would be so he could obtain further discovery.  The trial court asked Halimi if he was requesting an opportunity to take the deposition of Mr. Seymour and Halimi replied, "If it's possible, Your Honor, yes."  The court offered to delay trial to permit Halimi to take the deposition the next afternoon, but Halimi responded that it was too late to arrange for a court reporter and to prepare for the deposition.  Despite the court's urging, Halimi declined the offer.

We are not persuaded the trial court abused its discretion.  In a footnote in his opening brief, Halimi asserted for the first time that he was prejudiced because he had not retained his own trust expert in reliance on Grant not disclosing his intent to call a trust expert witness.  This claim is not cognizable on this appeal because Halimi never raised this claim of prejudice in the trial court.  (*Kennemur v. State of California* (1982) 133 Cal.App.3d 907, 925 [argument never made to the trial court cannot be asserted on appeal].)

Halimi also contends the trial court erred in adopting Grant's proposed statement of decision, because that statement fails to explain how an allegation of financial elder abuse in the trust action would have made any difference and how damages were calculated.  Halimi has forfeited his claims of error by failing to bring these matters to the attention of the trial court.

"[I]f the trial court issues a statement of decision, 'a party claiming omissions or ambiguities in the factual findings must bring the omissions or ambiguities to the trial court's attention' pursuant to section 634 [of the Code of Civil Procedure]."  (*Ermoian v. Desert Hosp.* (2007) 152 Cal.App.4th 475, 494.)  "To bring defects in a statement of decision to the trial court's attention . . . , objections to a statement of decision must be 'specific.'  [Citation.]  The alleged omission or ambiguity must be identified with sufficient particularity to allow the trial court to correct the defect.  [Citation.]  'By filing specific objections to the court's statement of decision a party pinpoints alleged deficiencies in the statement and allows the court to focus on the facts or issues the party contends were not resolved or whose resolution is ambiguous.'  [Citation.]"  (*Id.* at p. 498.)

After Grant submitted a proposed statement of decision, Halimi filed a written objection.  Although he objected to five findings made by the trial court, he did not identify or describe in what particulars the proposed statement was defective nor describe or otherwise identify any specific issues he wanted addressed in that statement.  Instead, Halimi merely objected to "the entire" proposed statement and stated:  "The issues objected [*sic*] by Halimi [are] spread throughout the Proposed Statement of Decision[.]

9

As such, it is impossible to pinpoint each issue by page number and line number. The essential objections by Halimi are based on the [five enumerated] findings of [the trial court] at trial." Similarly, Halimi challenged the statement of decision in his notice of intention to move to set aside and vacate the judgment, which had not yet been entered, and for entry of another and different judgment, but he failed to support his claims of error with specific references to the particular parts of the statement of decision that were subject to his challenges. We find Halimi has forfeited any claim of error he had regarding the statement of decision.

## DISPOSITION

The judgment is affirmed. Each party shall bear its own costs on appeal.

GRIMES, J.

We concur:

BIGELOW, P. J.

FLIER, J.